UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| H-E-B, LP, | § § § | |
| Plaintiff, | § | Civil Action No. _____ |
| | § | |
| v. | § § | |
| SWOON BRANDS, LLC, | § | **JURY DEMANDED** |
| | § § | |
| Defendant. | § | |

## COMPLAINT

Plaintiff H-E-B, LP brings this complaint against Swoon Brands, LLC for trademark infringement, unfair competition, trademark dilution, cancellation of a registered trademark, refusal of trademark applications, and unjust enrichment.

### THE PARTIES

1. Plaintiff H-E-B is a Texas limited partnership with a principal place of business at 646 South Flores Street, San Antonio, TX 78204.

2. Defendant Swoon Brands is a Delaware limited liability company with a principal place of business at 423 West 55th Street, 11th Floor, New York, NY 10019.

### JURISDICTION AND VENUE

3. This complaint brings claims under the Lanham Act, as amended, 15 U.S.C. § 1051 *et seq.* The Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a) and 15 U.S.C. § 1121(a).

4. The Court has supplemental jurisdiction to hear the state law claims under 28 U.S.C. § 1367(a) because they form part of the same case of controversy.

5. Venue is proper in this District under 28 U.S.C. § 1391(b)(1) because Swoon Brands is deemed to reside here under § 1391(c)(2) and (d). Venue is also proper under § 1391(b)(2) because a substantial part of the events giving rise to H-E-B's claims occurred here.

## FACTS

### H-E-B and Its Registered SWOON Trademark

6. H-E-B owns and operates a well-known chain of award-winning grocery stores. H-E-B has over 350 store locations in the State of Texas and in Mexico, including both its namesake H-E-B stores and its CENTRAL MARKET stores.

7. In addition to carrying products from third-party suppliers, H-E-B's stores carry exclusive "private label" products. H-E-B markets and sells these private-label products under various marks belonging to H-E-B.

8. H-E-B was recently ranked the #1 grocery retailer in the United States, beating out other retailers like Costco, Target, and Wal-Mart. H-E-B received this award in part due to its "sustained focus and excellence on assortment relevance and private brand."

9. One of H-E-B's private-label products is its SWOON brand super premium ice cream. Launched in June 2017, H-E-B's SWOON brand ice cream comes in more than a dozen flavors, from *Texas Brownie A La Mode* to *Lemon Poppy Cake*. The images below show a few examples:

  

10. H-E-B has invested heavily into developing and marketing its SWOON brand and products. Before the 2017 launch, H-E-B spent years developing and testing the products in-house at H-E-B's ice cream plant in San Antonio, Texas. Since the launch, H-E-B has promoted its SWOON products extensively at shelf, through traditional and digital advertising campaigns, and on e-commerce platforms.

11. Due in part to these efforts, H-E-B's SWOON products have become quite successful. The products have tallied millions of units sold, with consistent sales growth since launch.

12. H-E-B's SWOON products have generated extensive media coverage, particularly in Texas.

13. H-E-B's initial launch campaign for its SWOON products generated nearly 100 million impressions on social media.

14. H-E-B plans to continue investing heavily into promoting and growing its SWOON mark and products.

15. The SWOON mark is inherently distinctive. Because of the mark's inherent distinctiveness, and also because of H-E-B's extensive use and promotion,

3

consumers have come to recognize SWOON as strongly associated with H-E-B and its products.

16. As a result, H-E-B owns strong common law trademark rights and significant consumer goodwill in its SWOON mark.

17. H-E-B also owns a federal registration with the U.S. Patent and Trademark Office (PTO) for its SWOON mark. The registration covers "[i]ce creams; frozen confections" in Class 30. *See* U.S. Reg. No. 5,443,987.

18. H-E-B filed the application leading to this registration on May 31, 2016. The registration certificate issued on April 10, 2018. It initially issued in the name of HEB Grocery Company, LP, the former name of H-E-B's corporate entity and H-E-B's predecessor in interest. H-E-B later changed its name to H-E-B, LP—the plaintiff here—and recorded that name change with the PTO on July 27, 2018.

19. **Exhibit A** contains a copy of H-E-B's registration certificate for SWOON, plus PTO records showing that it is active and that H-E-B owns it.

## Swoon Brands' Origins as Be Mixed, LLC

20. Swoon Brands originally launched in 2013 or 2014 under the brand name BE MIXED. Its corporate entity was Be Mixed, LLC, which is Swoon Brands' predecessor in interest.

21. Swoon Brands operated under the BE MIXED brand name for several years. During that time, Swoon Brands' products—at the time, sugar-free, zero-calorie drink mixers—prominently featured the BE MIXED mark. For example:

4



22. In January 2018, the PTO issued a registration certificate to Swoon Brands (then Be Mixed, LLC) for the mark BE MIXED. That registration, which remains active, covers various beverages in Class 32. *See* U.S. Reg. No. 5,377,599.

23. Swoon Brands distributed its BE MIXED products for retail sale at various grocery and supermarket chains. This included distribution to H-E-B's stores until earlier this year, when the events described below occurred.

Swoon Brands' Unauthorized Transition from BE MIXED to SWOON

24. Sometime in 2018, Swoon Brands began transitioning its brand name from BE MIXED to SWOON.

25. On April 27, 2018, Swoon Brands (still operating then as Be Mixed, LLC) filed an intent-to-use application with the PTO for the mark SWOON. This application, discussed below, originally covered "sugar substitutes, beverages and snacks" in Classes 30 and 32.

5

26. When Swoon Brands filed this application on April 27, 2018, H-E-B was already using the SWOON mark and the PTO had also already issued H-E-B's registration certificate, giving H-E-B a nationwide right of priority.

27. What's more, H-E-B had filed its SWOON application nearly two years earlier in May 2016 and had begun use about ten months earlier in June 2017. This means Swoon Brands had nearly two years during which even a cursory trademark clearance search would have revealed H-E-B's prior-filed application for the exact same mark covering goods in the same class, and about ten months during which a search would have revealed H-E-B's ongoing use.

28. Swoon Brands filed its application for SWOON despite these facts. As discussed below, it did so with willful disregard for H-E-B's trademark rights.

29. According to media reports, Swoon Brands formally launched its rebranded SWOON products in New York sometime around July 2019.

30. A few months after the launch, in October 2019, H-E-B advised Swoon Brands of its objections to the unauthorized use and registration of SWOON.

31. When H-E-B first lodged these objections, it had yet to learn an especially troubling fact: Swoon Brands *also* planned to expand the infringing SWOON mark into Texas retailers. At the time, Swoon Brands' products in Texas retailers—including its products in H-E-B's stores—still used the BE MIXED mark.

32. The parties spent several months discussing H-E-B's objections in confidential compromise negotiations. While those compromise negotiations were

still ongoing, Swoon Brands pressed forward with its planned expansion of the SWOON mark into Texas retailers.

33. On information and belief, Swoon Brands did not alter or pause its expansion plans in any respect, despite knowing of H-E-B's objections and despite being actively involved in confidential compromise negotiations with H-E-B.

34. In January 2020, H-E-B's business team received a presentation from Swoon Brands' vice president of sales and marketing. The presentation notified H-E-B—and presumably, the other retailers to whom it was sent—that all BE MIXED products would officially transition to the SWOON mark on March 1, 2020. The image below shows one slide from the marketing presentation, indicating the March 1, 2020 transition date:



35. H-E-B's receipt of this presentation marked its first awareness that Swoon Brands planned to bring the infringing SWOON mark into Texas retailers.

36. H-E-B strenuously objected, again to no avail. Swoon Brands completed the brand transition to SWOON earlier this year, willfully bringing into H-E-B's home market of Texas a mark identical to one already used and registered by H-E-B for goods in the same class.

37. Today, Swoon Brands continues to sell its products—which now bear the infringing SWOON mark instead of the BE MIXED mark—in Texas retailers and online.

38. Swoon Brands has also recently expanded its products into beverages (e.g., lemonade), again despite knowing of H-E-B's objections and while actively engaged in confidential compromise negotiations with H-E-B. The image below shows a few examples of Swoon Brands' current infringing products:



39. While Swoon Brands sells its infringing products in other Texas retailers, it no longer sells in H-E-B's stores. For obvious reasons, H-E-B pulled Swoon Brands' products from its stores earlier this year.

Swoon Brands' Infringing PTO Filings

40. Swoon Brands currently has four SWOON-related filings in the PTO. All four came after H-E-B first used, first applied to register, and first registered the exact same mark in Class 30.

41. First, a portion of Swoon Brands' original application for SWOON, discussed above, matured into an issued registration on May 21, 2019. That portion covers "sugar substitutes" in Class 30, the same class as H-E-B's prior-issued registration for SWOON.

42. Second, the rest of Swoon Brands' original application—which includes other food and beverage products in Classes 30 and 32—remains pending.

43. Third and fourth, Swoon Brands has since filed two more intent-to-use applications for the marks SWOON MIXERS and SWOON LEMONADE. Both applications remain pending.

44. The table below summarizes the current status and relevant details of Swoon Brands' four PTO filings:

| Mark | Filing Number and Status | Goods |
|---|---|---|
| SWOON | Reg. No. 5,759,215 (issued May 21, 2019) | Class 30: sugar substitutes |
| SWOON | Ser. No. 87/896,591 (pending) | Class 30: coffee-based iced or tea based beverages, cheese-flavored corn snacks, granola snacks, wheat snacks, snack cakes, chocolate based snack food, nut based snack food, coffee based snack food, rice based snack food, grain based snack food, baking mixes<br><br>Class 32: Fruit beverages; water beverages; fruit smoothies, vegetable smoothies |
| SWOON LEMONADE | Ser. No. 88/756,663 (pending) | Class 32: Non-alcoholic beverages, namely, carbonated beverages; Non-alcoholic fruit juice beverages; Syrups for making non-alcoholic beverages |
| SWOON MIXERS | Ser. No. 88/756,646 (pending) | Class 32: Non-alcoholic cocktail mixes |

Effects of Swoon Brands' Unlawful Activities

45. Swoon Brands' unauthorized use and intended use of SWOON are likely to confuse consumers. Consumers are likely to perceive some connection or association between the parties' products as to source, sponsorship, or affiliation, when in fact none exists.

46. Though not H-E-B's only basis for concern, the risk of consumer confusion is especially troubling because, unlike Swoon Brands' infringing SWOON products, H-E-B's SWOON products are not zero-calorie or sugar-substitute products.

10

47. Swoon Brands' unauthorized use and intended use of SWOON falsely designate the origin of Swoon Brands' goods and falsely represent facts with respect to those goods.

48. Swoon Brands' unauthorized use and intended use of SWOON enable Swoon Brands to trade off and receive the benefit of the goodwill built by H-E-B in its SWOON mark.

49. Swoon Brands' unauthorized use and intended use of SWOON effectively remove H-E-B's ability to control the quality of the goods offered under the SWOON mark. This places H-E-B's reputation and goodwill at least partially in the hands of Swoon Brands, whose goods H-E-B cannot control.

## COUNT I: FEDERAL TRADEMARK INFRINGEMENT
### (15 U.S.C. § 1114(1))

50. H-E-B repeats the allegations above as if set forth fully here.

51. H-E-B owns protectable, federally registered rights in the SWOON mark. H-E-B has priority over Swoon Brands.

52. Swoon Brands' unauthorized use of the SWOON mark is likely to cause confusion, to cause mistake, or to deceive.

53. Swoon Brands has thus infringed H-E-B's registered trademark rights in violation of 15 U.S.C. § 1114(1).

## COUNT II: FEDERAL UNFAIR COMPETITION
### (15 U.S.C. § 1125(a))

54. H-E-B repeats the allegations above as if set forth fully here.

55. H-E-B owns protectable federal rights in the SWOON mark. H-E-B has priority over Swoon Brands.

56. Swoon Brands' unauthorized use of the SWOON mark is likely to cause confusion, to cause mistake, or to deceive.

57. Swoon Brands has thus infringed H-E-B's trademark rights and committed unfair competition in violation of 15 U.S.C. § 1125(a).

### COUNT III: TEXAS TRADEMARK DILUTION
**(Tex. Bus. & Com. Code § 16.103)**

58. H-E-B repeats the allegations above as if set forth fully here.

59. H-E-B's SWOON mark is distinctive and famous within Texas. It is widely recognized by the consuming public throughout Texas or at least in a geographic area of Texas.

60. H-E-B's SWOON mark became famous within Texas before Swoon Brands' unauthorized use of the identical mark SWOON began in Texas.

61. Swoon Brands' unauthorized use of SWOON in Texas is likely to cause dilution of H-E-B's famous and distinctive SWOON mark by impairing its distinctiveness or by harming its reputation.

62. Swoon Brands is thus liable for Texas trademark dilution in violation of Texas Business and Commerce Code section 16.103.

## COUNT IV: CANCELLATION OF TRADEMARK REGISTRATION
## (15 U.S.C. §§ 1052(d) & 1119; 28 U.S.C. § 2201)

63. H-E-B repeats the allegations above as if set forth fully here.

64. This Court has the power under 15 U.S.C. § 1119 and 28 U.S.C. § 2201 to determine Swoon Brands' right to registration of the SWOON mark.

65. The SWOON mark covered by Swoon Brands' registration, U.S. Reg. No. 5,759,215, so resembles H-E-B's SWOON mark as to be likely to cause confusion, to cause mistake, or to deceive.

66. Swoon Brands' registration should thus be cancelled under 15 U.S.C. §§ 1052(d) & 1119 and 28 U.S.C. § 2201.

## COUNT V: REFUSAL OF TRADEMARK APPLICATIONS
## (15 U.S.C. §§ 1052(d) & 1119; 28 U.S.C. § 2201)

67. H-E-B repeats the allegations above as if set forth fully here.

68. This Court has the power under 15 U.S.C. § 1119 and 28 U.S.C. § 2201 to determine Swoon Brands' right to registration of the SWOON mark.

69. The SWOON-formative marks covered by Swoon Brands' three pending applications—respectively, U.S. Ser. Nos. 87/896,591 (SWOON), 88/756,646 (SWOON MIXERS), and 88/756,663 (SWOON LEMONADE)—each so resemble H-E-B's SWOON mark as to be likely to cause confusion, to cause mistake, or to deceive.

70. Swoon Brands' three pending applications should thus be refused registration under 15 U.S.C. §§ 1052(d) & 1119 and 28 U.S.C. § 2201.

71. If any or all of Swoon Brands' three pending applications mature into issued registrations while this action is pending, those resulting registrations should be cancelled on the same grounds outlined above.

## COUNT VI: COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

72. H-E-B repeats the allegations above as if set forth fully here.

73. H-E-B owns protectable rights in the SWOON mark under Texas common law. H-E-B has priority over Swoon Brands.

74. Swoon Brands' unauthorized use of the SWOON mark is likely to cause confusion, to cause mistake, or to deceive.

75. Swoon Brands has thus infringed H-E-B's trademark rights and committed unfair competition in violation of Texas common law.

## COUNT VII: COMMON LAW UNJUST ENRICHMENT

76. H-E-B repeats the allegations above as if set forth fully here.

77. Swoon Brands' actions have unjustly enriched it at the expense of H-E-B.

78. By using, registering, and seeking to register the SWOON mark without H-E-B's authorization, Swoon Brands has obtained a benefit to which it is not legally entitled.

79. Swoon Brands is thus liable for unjust enrichment in violation of Texas common law.

## WILLFULNESS OF SWOON BRANDS' VIOLATIONS

80. With respect to each cause of action above, Swoon Brands' violations are and have been willful.

81. Swoon Brands adopted the SWOON mark with knowledge or notice of H-E-B's prior rights in an identical mark for related goods in the same class.

82. Swoon Brands has continued to use and expand its unauthorized use of the SWOON mark—including expanding it into H-E-B's home market of Texas—despite having notice of H-E-B's prior rights, despite (and after) receiving actual notice of H-E-B's objections, and despite being actively engaged in confidential compromise negotiations with H-E-B at the time.

83. Swoon Brands has thus acted in bad faith and with willful disregard for H-E-B's rights.

## DAMAGES; INJUNCTIVE RELIEF

84. H-E-B has been and will continue to be harmed by Swoon Brands' unlawful actions described above. H-E-B is entitled to money damages.

85. However, money damages alone cannot fully compensate H-E-B for the irreparable harm it has suffered and continues to suffer.

86. H-E-B is entitled to an injunction to remedy this ongoing and irreparable harm.

## PRAYER FOR RELIEF

H-E-B asks the Court to:

A. enter judgment for H-E-B on all of its claims;

B. preliminarily and permanently enjoin Swoon Brands—including its owners, officers, managers, shareholders, directors, agents, servants, employees, attorneys, affiliates, related companies, successors, assigns, and any persons acting in concert with them or on their behalf—from using, registering, or applying to register the SWOON mark, any mark incorporating SWOON, or any other mark likely to cause confusion or dilution with H-E-B's marks;

C. order Swoon Brands to file with the Court and to serve on H-E-B, within 30 days of entering the requested injunction, a written report stating in detail and under oath the manner in which Swoon Brands has complied with the injunction;

D. award H-E-B all monetary remedies to which it is entitled under federal and Texas law, including all profits realized by Swoon Brands (adjusted upward as the Court deems just), all damages (trebled) sustained by H-E-B, exemplary damages, and nominal damages;

E. order the seizure and destruction of all items and materials in Swoon Brands' possession, custody, or control that use the SWOON mark, any mark incorporating SWOON, or any other mark likely to cause confusion or dilution;

F. issue an order certified to the Director of the U.S. Patent and Trademark Office ordering the cancellation of U.S. Reg. No. 5,759,215;

G. issue an order certified to the Director of the U.S. Patent and Trademark Office ordering the refusal of pending applications U.S. Ser. Nos. 87/896,591, 88/756,646, and 88/756,663, or ordering the cancellation of any registrations resulting from those applications;

H. award H-E-B its costs and reasonable attorney's fees;

I. award H-E-B prejudgment and postjudgment interest; and

J. award any other relief the Court deems just and proper.

## JURY DEMAND

H-E-B demands a jury trial on all issues triable by jury under Federal Rule of Civil Procedure 38.

Dated: September 18, 2020			Respectfully submitted,


/s/ *Travis R. Wimberly*
Travis R. Wimberly
Texas Bar No. 24075292
Giulio Yaquinto
Texas Bar No. 24107292
PIRKEY BARBER PLLC
1801 E. 6th Street, Suite 300
Austin, TX 78702
(512) 322-5200
(512) 322-5201 (fax)
twimberly@pirkeybarber.com
gyaquinto@pirkeybarber.com

*Attorneys for Plaintiff H-E-B, LP*